ALICE WOZNICKI, administratrix, vs. TRAVELERS INSUR-
ANCE COMPANY.

Worcester.     September 28, 1937. — January 31, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Insurance*, Motor vehicle liability.

One driving an automobile by permission of and accompanied by a bailee
to whom the owner gave no authority to allow others to drive it was
not a "person responsible for" its operation with the owner's consent
within the owner's policy of compulsory motor vehicle liability in-
surance.

BILL IN EQUITY, filed in the Superior Court on July 2,
1936.

A final decree dismissing the bill was entered by order of
*Burns*, J. The plaintiff appealed.

*F. T. Mullin*, for the plaintiff.

*D. F. Gay*, for the defendant.

RUGG, C.J. This is a suit in equity under G. L. (Ter.
Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to enforce the
liability of the defendant under a policy issued by it pur-
suant to the compulsory motor vehicle insurance law.
G. L. (Ter. Ed.), c. 90, §§ 34A–34J. The trial judge made
findings and rulings, and ordered a decree to be entered
dismissing the bill. The allegations of the bill admitted by
the answer are that the plaintiff is the administratrix of
one Plasse, who was fatally injured on September 29, 1932,
while walking on a public highway in Webster, by a motor
vehicle owned by one Essex and driven by one Rea. The
motor vehicle was insured under the compulsory motor
vehicle insurance law by a policy issued by the defendant.
Later, the plaintiff brought an action against said Rea and
recovered a judgment for a substantial amount for the
death and conscious suffering of her intestate, which had
not been paid in whole or in part after thirty days and
before the present suit.

The trial judge found these facts: On the evening of the

accident, Essex lent his motor vehicle to one Loughlin, a neighbor, who, to the knowledge of Essex, had no license to operate motor vehicles. Several times prior to the day of the accident, Essex had lent his motor vehicle to Loughlin, who had permitted other persons to drive it, but it was not found that Essex knew of this. On the night in question, when Loughlin asked Essex if he could use the car to take a girl friend to Raad's Point, Essex said "Yes," and handed him the keys. Shortly after Loughlin took the motor vehicle, he met Rea and one Zerska and asked them to take a ride. Loughlin was given the full use and custody of the car. No complaint was ever made by Essex against Rea or Loughlin arising out of the operation of the motor vehicle. Supplementing these findings, the trial judge further found that the party, which consisted of Loughlin, Miss Beaudreau, Rea and Zerska, drove to Webster. Loughlin and Zerska left the car at Webster, Miss Beaudreau and Rea remaining therein. When Loughlin and Zerska returned to the car, Rea was on the front seat behind the wheel and Miss Beaudreau beside him. Rea said, "I'm going to drive." Miss Beaudreau and Loughlin then got into the rear seat, Zerska got into the front seat, and the party started back toward Worcester with Rea driving. They had proceeded about two miles when the accident happened. Other findings were that Loughlin had no authority, express or implied, from Essex to permit Rea or any other person to operate the motor vehicle at the time of the accident, and that Rea was not a person responsible for the operation of the motor vehicle with the express or implied consent of Essex. The trial judge ruled upon these facts that, judgment having been recovered against Rea and not against Loughlin, the insurance policy was not security for the judgment. A decree was entered dismissing the bill. The evidence is reported in full. The plaintiff's appeal brings the case here.

The findings of fact, being founded upon oral testimony, must be accepted as true since they are supported by the evidence. It has been assumed that the plaintiff must recover, if at all, under the part of G. L. (Ter. Ed.) c, 90,

§ 34A, which reads in part that a policy of insurance issued thereunder shall provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of said policy by any person . . . arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle."

· The case at bar is governed by *Moschella* v. *Kilderry*, 290 Mass. 62.   To the same general effect is *Johnson* v. *O'Lalor*, 279 Mass. 10, which affords no support to the plaintiff.   See, also, *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368, and *Gearin* v. *Walsh*, *ante*, 145.   There was no such authority over the automobile given by Essex to Loughlin as was found to have been given by the owner in *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359, 361.   Cases like *Blair* v. *Travelers Ins. Co.* 288 Mass. 285, *S. C.* 291 Mass. 432, *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 538, *Bresnahan* v. *Lumbermens Mutual Casualty Co.* 297 Mass. 555, and *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232, afford no support to the essential contention of the plaintiff.   No error is disclosed on the record.

*Decree affirmed.*