ANNIE F. KNEELAND *vs.* HENRY L. BERNARDI & others (and a companion case [1]).

Suffolk.     December 7, 1944. — January 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Insurance,* Motor vehicle liability insurance. *Equity Pleading and Practice,* Answer. *Evidence,* Admissions and confessions.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), by a judgment creditor to enforce a motor vehicle liability insurance policy, an admission by the insured in his answer of the truth of an averment in the bill that the vehicle was being used by a third person with his

---

[1] The companion case is by Herbert A. Kneeland against the same defendants.

permission bound the insured, but it did not bind the insurer, which in its answer denied that averment.

Operation of an automobile by an unlicensed person for the purpose of practising driving, which was without the knowledge of the owner of the automobile, although with the permission of a bailee thereof sitting beside the operator, was not a "use" of the automobile "with permission of the named insured" within a provision of a policy of noncompulsory motor vehicle liability insurance issued to the owner, that "insured" should include "not only the named insured but also any person while using the motor vehicle . . . provided . . . the actual use is with permission of the named insured"; and one who recovered judgment against the bailee for injury sustained through such operation was not entitled to enforce the policy in a suit under G. L. (Ter. Ed.) c. 214, § 3 (10).

Two BILLS IN EQUITY, filed in the Superior Court on February 11, 1944.

The cases were heard by *Donnelly*, J.

*W. J. Kelly*, for the plaintiffs.

*B. A. Sugarman*, for the defendant Liberty Mutual Insurance Company.

WILKINS, J. These bills in equity by the holders of judgments in tort against the defendant Bernardi, one for personal injuries and the other for damage to an automobile, seek to reach and apply the obligation of the defendant Liberty Mutual Insurance Company under a policy of automobile liability insurance issued to the defendant Valianti, who, it is alleged, permitted the defendant Bernardi to use his automobile. See G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10). There were decrees dismissing the bills of complaint, and the plaintiffs appealed. There were no statements of findings of fact, voluntary or otherwise. The cases are here with a report of the testimony.

It is our duty to examine the evidence and reach our own conclusions. We accept findings of the trial judge where credibility of oral testimony is involved unless the findings are plainly wrong, but where there is an ultimate finding resting upon facts admitted or found, we draw our own inferences whatever may have been those of the trial judge. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178. *Malone* v. *Walsh*, 315 Mass. 484, 490. *New England Trust Co.* v. *Commissioner of Corporations & Taxation*, 315 Mass. 639, 643–644.

The facts seem not to have been in dispute. On March 29, 1941, Bernardi asked Valianti if he could borrow the latter's automobile on the following morning, which was a Sunday, in order to go to Lowell to seek employment. Valianti told him that he might, provided he took good care of the automobile and brought it back by 3 p.m. The men were friends, and Valianti had allowed Bernardi to take the automobile on previous occasions. Early on Sunday morning Bernardi drove the automobile from East Boston to Lowell and returned at once without seeing the person he wanted to see. In Chelsea by appointment he met a Miss Rowe who was unknown to Valianti. She had no license to operate an automobile but had attended an "auto school" during the preceding two weeks with a view to taking an examination for an operator's license. After driving to the Suffolk Downs race track, Bernardi entrusted the operation of the automobile to Miss Rowe and sat on the front seat with her. Miss Rowe drove around the track two or three times "to see how she could handle the car," and then drove to Revere for breakfast. Thereafter with Bernardi still on the front seat she drove for at least two hours to Portsmouth, New Hampshire, where at 11:30 a.m., as a result of her negligent operation, the female plaintiff was injured and the male plaintiff's automobile was damaged. Had it not been for this mishap the automobile would have been returned to Valianti by 3 p.m. Bernardi's purpose throughout was to see whether Miss Rowe could drive well enough to take the examination for a license.

The policy of insurance, among other things, contained a promise to pay "on behalf of the insured" sums he should become obliged to pay by reason of liability for bodily injuries to persons "off the ways of the Commonwealth" ("Coverage B") and for property damage ("Coverage C"). The policy also provided, "The unqualified word 'insured' wherever used in coverages B and C . . . includes not only the named insured but also any person while using the motor vehicle . . . provided . . . the actual use is with permission of the named insured."

In his answers Valianti admitted allegations in the bills

of complaint that the use of the automobile in Portsmouth was with his permission. The insurance company in its answers denied these allegations. "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them." G. L. (Ter. Ed.) c. 231, § 87. This section applies to equity cases. G. L. (Ter. Ed.) c. 231, § 144. The admissions in Valianti's answers bind him. *Markus* v. *Boston Edison Co.*, ante, 1, 7, and cases cited. But they do not bind the insurance company. Compare *Herman* v. *Fine*, 314 Mass. 67, 69–70.

The decrees dismissing the bills of complaint were rightly entered on the evidence. Even if we assume in the plaintiffs' favor that the permission was for use of the automobile anywhere until 3 P.M. and was not merely for a trip to Lowell, such permission did not embrace an authorization to do what actually was done. A practice drive by an unlicensed novice as the operator, even though Bernardi was present, was not a "use" of the automobile by Bernardi "with permission of the named insured" within the terms of the policy. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436. See *Woznicki* v. *Travelers Ins. Co.* 299 Mass. 244.

*Decrees affirmed with costs.*