LEONA M. HAMON, Plaintiff, v. AMANDA DUBREE RICHARDS, Executrix of the Estate of Leonard Richards, Jr., and WILMINGTON TRUCK RENTAL Co., INC., a corporation of the State of Delaware, Defendants.

JOHN SENTMAN, JR., ALICE D. SENTMAN, and JOHN SENTMAN, III, an infant, and KAY SENTMAN, an infant, by John Sentman, Jr., their next friend, Plaintiffs, v. AMANDA DUBREE RICHARDS, Executrix of the Estate of Leonard Richards, Jr., and WILMINGTON TRUCK RENTAL Co., INC., a corporation of the State of Delaware, Defendants.

(*April* 17, 1963.)

LYNCH, J., sitting.

*David B. Coxe, Jr.,* and *Carl Schnee* for Plaintiffs.

*Frank J. Miller* (of Foulk, Walker, Miller and Wakefield) for Defendant Wilmington Truck Rental Co., Inc.

Superior Court for New Castle County, Nos. 1168 and 1263, Civil Actions, 1959.

LYNCH, J.:

A chronological statement of the pertinent facts in these cases will aid in determining the matters before the Court and illustrate the reasons for the ultimate determination reached.

Wilmington Truck Rental Co., Inc., by agreement dated July 24, 1959, rented a Volkswagen motor vehicle to Leonard Richards, Inc., 818 West Street Wilmington, Delaware. An automobile accident took place on July 26, 1959 on a public highway, resulting in injuries to the plaintiffs named in both civil actions. The Volkswagen, operated by Leonard Richards, Jr., collided with a motor vehicle driven by Plaintiff Hamon. The other plaintiffs in the two cases were passengers in the Hamon vehicle.

The Hamon suit was filed October 15, 1959. There was but one defendant named, *vis.*: Amanda duBree Richards, Executrix of the Estate of Leonard Richards, Jr. The Sentman suit was filed November 9, 1959 and it too named but one defendant— the same defendant named in the Hamon suit.

The complaints in each case charge negligence on the part of Leonard Richards in the operation of the Volkswagen, resulting in damages to the plaintiffs for personal injuries and property damage.

Then on January 15, 1960, the plaintiffs were permitted to amend their actions by adding Wilmington Truck Rental Co., Inc. (hereafter referred to as Truck Rental) as a party defendant and amending the captions of both actions accordingly, and by permitting the filing of amended complaints.

In due time Truck Rental was served with copy of the amended complaints.

Plaintiffs in both actions later moved on July 13, 1960 to make Leonard Richards, Inc. a party defendant and in due

time it answered the complaints in the two cases. From this point on the pleadings seem to be the same in each action.

The amended complaints, filed January 18, 1960 allege *inter alia*, that the Volkswagen operated by Leonard Richards, Jr. was owned by Truck Rental and that Truck Rental was joined as a party defendant to the actions and it was jointly and severally liable with Amanda duBree Richards,[1] Executrix of the Estate of Leonard Richards, Jr. by reason of the failure of Truck Rental to carry or cause to be carried proper liability insurance against liability arising out of any and all negligence in the operation of said rented vehicle as required by 21 *Del. C.* § 6102(a).

The pertinent provisions of Title 21 *Del. C.* § 6102 are set forth below:

"§ 6102. Negligence of owners and drivers of rented vehicles; insurance of liability.

"(a) The owner of a motor vehicle, engaged in the business of renting motor vehicles without drivers, who rents any such vehicle without a driver to another, * * *, and permits the renter to operate the vehicle upon the highways, and who does not carry or cause to be carried public liability insurance in an insurance company or companies approved by the Insurance Commissioner of this State insuring the renter against liability arising out of his negligence in the operation of such rented vehicle in limits of not less than $5,000 for any one killed or injured and $10,000 for any number more than one injured or killed in any one accident, and against liability of the renter for property damage in the limit of not less than $1,000 for one accident, shall be jointly and severally liable with the renter for any damages caused by the negligence of

---

[1]The Executrix permitted an interlocutory default judgment to be entered for failure to appear or answer the complaints of the plaintiffs against her.

the latter in operating the vehicle and for any damages caused by the negligence of renting the vehicle from the owner:

"(b) * * *.

"(c) The policy of insurance referred to in subsection (a) of this section shall inure to the benefit of any person operating the rented vehicle * * * in the same manner and under the same conditions and to the same extent as to the renter. * * *

"(d) When any suit or action is brought against the owner under this section, the judge or court before whom the case is pending shall cause a preliminary hearing to be had in the absence of the jury for the purpose of determining whether the owner has provided, or caused to be provided, insurance covering the renter in the limits above mentioned. Whenever it appears that the owner has provided or caused to be provided, insurance covering the renter in the sums above mentioned, the judge or court shall dismiss, as to the owner, the action brought under this section."

At the time of the accident, a policy of insurance issued by Continental Casualty Company to Truck Rental was in effect; it insured the renter and drivers of the rented vehicle, subject to certain exclusions and conditions, against bodily injury and property damage liability. Limits of liability under the policy are $100,000.00 per person and $300,000.00 per accident on bodily injury, and $5,000.00 per accident on property damage to passenger cars. It is not contended that Continental Casualty Company is not a company approved by the Insurance Commissioner.

Defendant has filed a motion for summary judgment. The ground for the motion stated that Truck Rental had no joint or several liability, under the statute, for the negligence of Executrix' decedent Leonard Richards, Jr., (1) for the reason that Leonard Richards, Jr. was not the renter; also (2)

that Truck Rental is entitled to dismissal on the ground that it had provided insurance as required by the statute covering the renter in the required amounts. 21 *Del. C.* § 6102(d), *supra,* p. 614.

Paragraph 8 of the "Conditions" of the policy provides as follows:

"8. Financial Responsibility Laws. Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of any law, requiring or providing for the maintenance of insurance, of any state or province which shall be applicable with respect to such liability arising out of the ownership, maintainance or use of any automobile insured hereunder during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

We have a Financial Responsibility Law relating to the operation of motor vehicles in this state, and Title 21 *Del. C.* § 2904(f) (1) provides:

"(f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein—

"(1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; such policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statetment made by the insured or on

his behalf and no violation of such policy shall defeat or void such policy;"

The parties have argued two questions under the foregoing motion:

1. Did Truck Rental, as owner, provide insurance covering Leonard Richards, Inc., as renter, in the amounts required by Title 21 *Del. C.* § 6102?

2. Assuming that Truck Rental did not provide such insurance, is Truck Rental jointly and severally liable with the Executrix of the Estate of Leonard Richards, Jr., as alleged in the amended complaint?

Initially it must be noted that Truck Rental's insurer first disclaimed liability on the policy, inasmuch as it claimed Mr. Leonard Richards, Jr., who was operating the Volkeswagen covered in plaintiffs' complaints, was under the influence of alcoholic liquor at the time of the collision, and the policy had an exclusion provision to that effect where the driver was operating in such condition.

Later the insurer advised it had reconsidered its position and would afford a defense under the policy, but that the limit of its liability under the policy would be $5,000.00 for an injury to one person and $10,000.00 for injuries to more than one person, basing its position upon Title 21 *Del. C.* § 6102(a) and the Financial Responsibility Law.

It is to be further noted that after Truck Rental filed its motion for summary judgment and the brief schedule thereon was approved, the plaintiffs moved for leave to amend their second amended complaint by inclusion of the following language as paragraph 12 of their second amended complaints:

"Wilmington Truck Rental Co., Inc., is joined as party defendant to this action by being jointly and severally liable with Leonard Richards, Inc., by reason of the failure of Wil-

mington Truck Rental Co., Inc., to carry or cause to be carried proper liability insurance insuring Leonard Richards, Jr., and/or Leonard Richards, Inc., against liability arising out of any and all negligence in the operation of the said rented vehicle as required by 21 *Del. C.*, § 6102(a)."

This is of no significance if it appears that Truck Rental had afforded proper insurance.

The Court will now proceed to consider and determine the grounds of Truck Rental's motion.

The real question for determination is whether or not the policy provides, *inter alia*, the coverage required by the General Assembly, 21, *Del. C.* § 6102, *supra*, pages 613 and 614, and if it met the tests required by the Financial Responsibility Law. If it does, then Truck Rental is entitled to be dismissed, 21 *Del. C.* § 6102(d), *supra*, p. 614, as a party defendant to these actions; if it does not, further consideration will then have to be given to the second point argued by the parties.

An examination of the policy shows that the policy limits of coverage are far in excess of the minimum statutory limits in each category of required coverage; but also that the terms of the policy completely conform to the requirements of the Financial Responsibility Statute within the minimum statutory limits, *i.e.*—which are $5,000.00 for bodily injury for one person and $10,000.00 per accident, regardless of the number injured; the comparable policy limits are $100,000.00 and $300,000.00, respectively. Paragraph 8 of the policy, *supra*, p. 614, expressly provides that within the amounts required by such Financial Responsibility Law, the policy shall comply with the provisions of any law providing for the maintenance of insurance.

Title 21 *Del. C.* § 6102 is interrelated with and is a part of our Financial Responsibility Laws, Title 21 *Del. C.* Chapter

29, relating to liability in the operation of motor vehicles for personal injuries and property damage. This statute is founded on public policy considerations, determined by the General Assembly of the State, namely, to protect the public at large, at all times, in its possible claims against the owner or driver of a motor vehicle involved in an accident resulting in bodily injury or property damage. The statute does not specify what type of policy provisions are required by the insured, other than minimum coverage of $5,000.00 for one person, $10,000.00 for an accident involving more than one person, and $1,000.00 in cases of property damage, and as previously noted, Title 21 *Del. C.* § 2904(f) (1) makes the insurer's liability absolute within such limits.

Only these facts must be determined in order to ascertain if Truck Rental is entitled to dismissal. It is not necessary to determine what exclusions and conditions of the policy are permitted by the statute, provided there is no violation of Title 21 *Del. C.* § 2904(f) (1). Furthermore, the extent to which in the present cases the policy may exceed the minimum statutory limits is a matter to be determined in a suit on the policy. The only question here is whether the policy provides the statutory coverage and is not violative of the Financial Responsibility Law. Within the statutory minimum limits, the exclusions and conditions of the policy seem to be permitted under our statute.

Counsel for plaintiffs argue that Truck Rental did not provide a proper policy such as the statute required in light of the exclusion clause in the policy if the driver operating the rented vehicle was under the influence of intoxicating liquor. The contention is advanced that driving a motor vehicle while under the influence of intoxicating liquor comes within the exclusion clause, although a person driving in that condition is negligent; hence, the exclusion clause of the policy violates the statute requiring the renter to be insured "against liability arising out of his negligence in the operation of such

rented vehicle". The Court, therefore, rules the exclusion clause is meaningless in light of Title 21 *Del. C.* § 2904(f) (1).

The Court is of opinion that Truck Rental has complied with the statute, in that the policy provisions conform to and with the minimum requirements of Title 21 *Del. C.* § 6102 and the Financial Responsibility Laws, despite the clause D-7, by which the insured can seem to be denied coverage if the driver is involved in an accident while operating a motor vehicle while intoxicated. This exclusionary clause, however, in no way is effectual and so is not in conflict with clause 8, *supra*, p. 614, because of Title 21 *Del. C.* § 2904(f) (1). Clause 8 in the policy is, in a sense, a self-conforming clause of the policy which brings Truck Rental within the terms of 21 *Del. C.* § 2904(f) (1) and § 6102, despite clause D-7.

The plaintiffs' argument, based on *State Farm Mutual Auto. Ins. Co. v. Cooper*, 233 F. 2d 500 (C. A. 4th Cir., 1956), that an amendment by operation of law cannot take place unless the statute makes the insurance compulsory is without substance under the facts and where, as here, the policy is self-conforming to comply with the laws requiring maintenance of insurance.

The cited case from the Court of Appeals, Fourth Circuit, is readily distinguishable; it was a suit against an insurer— not an insured renter of motor vehicles. Then too the South Carolina Statute differs from our statute. Construction of the South Carolina Statute by the Courts of that state differentiate the case at bar from the cited case. As was noted by the Court of Appeals, 233 F. 2d at page 501—

"* * * Condition 6 of the policy merely provides that the contract of insurance shall comply with the statute when the statute is applicable. We think the statute is not applicable under the prevailing decisions of the Supreme Court of South Carolina and of this Court. *The controlling circumstance is that the policy was taken out voluntarily prior to*

*the occurrence of the accident and was not procured thereafter under the compulsions of the statute.* There is no general law of the State of South Carolina which requires all owners and operators of motor cars to carry liability insurance and the statute under consideration does not come into play until the owner or operator has been involved in an accident and has been called upon to deposit security to satisfy any judgment against him for damages resulting from the accident under § 46-727 in the Act. Even then the Act does not apply, under the provisions of § 46-728, to an owner or operator if the owner had in effect at the time of the accident an automobile liability policy with respect to the motor vehicle involved." (Emphasis supplied)

*Behaney v. Travelers Ins. Co.,* 121 F. 2d 838 (C. A. 3d Cir., New Jersey, 1941) more closely resembles the problems here involved. A policy adopting the terms of the New Jersey Financial Responsibility Statute was in effect and the insurer was held liable to the Administratrix of one killed by the defendant's truck, although its driver was not at the time acting within the scope of his employment. The Court held that the judgment against the insurer should have been limited to $5,000.00, exclusive of costs and interest, since this was the limit of the statutory requirement.

The Court of Appeals for the Third Circuit first noted, 121 F. 2d 838—

"* * * The driver's employer, a dairy company, carried what might be called the usual automobile accident policy issued by the defendant company. These policies contain a clause conforming them to the local motor vehicle responsibility law. This clause reads: 'Any insurance provided by this policy for bodily injury liability or property damage liability shall conform to the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising from the use of the automobile during the policy period, to the extent

of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy * * *.' Exhibit P 1, Section 13."

Later, 121 F. 2d 839, the Court observed—

"The advent of the automobile added fresh fuel to the flames of the conflict between the at fault and at peril schools of tort philosophy. At first the 'devil wagon' joined the horse and buggy in the negligence fold. Soon its greater resemblance to a reservoir, a forest fire, or a wild animal became apparent at least to the laity. We say at least to the laity because the practicing profession clung to the tradition. The more advanced thinkers outside thereof were quite willing to recognize reality and declare for absolute liability. A slightly less enterprising group balked at absolute liability but insisted upon absolute insurance. Bringing up the rear of those who felt 'something should be done about sudden death on the highway' were the proponents of the safety responsibility laws. They adhered to fault but agreed that fault should be paid for. So the likelihood of its occurrence was made the test of the latter's guaranty. As one might expect, this middle of the road appealed to the majority of the states—all, in fact, except Massachusetts."

Coming to a consideration of the insurer's liability the Court said—

"The defense in the case at bar, as the facts themselves suggest, is the ancient 'frolic of his own'. In the respondeat superior doctrine of agency, we have the same wavering and the same cleavage we observed in the law of torts. * * *"

Later the Court stated—

"If there had been no financial responsibility law and no insurance there could have been no recovery. * * *

"We must look elsewhere then for any alteration in the ordinary principles of the law of master and servant. * * *

"That elsewhere here is found in a term prescribed for the 'required' policy by the Act. The Act and so the policy say: '* * * insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured, against loss * * *.' N. J. S. A. 39:6-18.

" '* * * and provided further that the actual use is with the permission of the named insured. * * *' Exhibit P 1, Paragraph 3.

"Taken at their face value these words would seem to end the matter. They have not always been so taken. In fact, there is a split in the authorities. * * * We join with a writer in feeling: '* * * The potency of expressed exclusions is best illustrated by those cases where the policy contained a condition limiting the use of the vehicle to the business of the named assured. The holdings giving full effect to this condition by denying the benefit of the insurance where the permittee used the car for his own purpose are unfortunate. The omnibus clause is thus made inoperative except insofar as it extends coverage to the tortfeasor if the injured plaintiff chooses to sue him instead of imposing vicarious liability on the named assured.' The Legal Position of the Omnibus Defendant, 83 *University of Pennsylvania Law Review* 765, 770 (note).

As he points out, this emasculation of the omnibus coverage is so far contrary to a general legislative policy that many states have proscribed it in *haec verba*. Although possibly useful in avoiding litigation we do not believe the express statutory prohibition to be necessary. The consent of the statute is broad enough to override the condition of the policy."

The Court believes that an approach like this should be the starting point of determining liability on the part of the renter of motor vehicles as well as of his insurer under poli-

cies taken out pursuant to our statute, 21 *Del. C.* § 6102, particularly in light of 21 *Del. C.* § 2904(f) (1), set out above at page 614, *supra.*

In *Farm Bureau Auto Ins. Co. v. Martin,* 97 N. H. 196, 84 A. 2d 823, 29 A. L. R. 2d 811 (1951), the liability policy relied upon stipulated for coverage of $25,000.00 and $50,-000.00. It was found that, as to the insured, the insurer would not be liable because of the insured's failure to comply with the policy conditions. Liability to the plaintiff was, however, predicated upon the terms of the Financial Responsibility Statute, and it was held that recovery should be limited to the amounts required by that statute. The New Hampshire Court said, 84 A. 2d 825—

" "The rights of the injured party are not simply derivative from those of the insured. They are to some extent independent of those rights and are gained from the statute. * * * *Phoenix Indemnity Company v. Conwell,* 94 N. H. 146, 47 A. 2d 827, 1 A. L. R. 2d 819, held that rights under the minimum limits of liability required under the provisions of paragraph VII of section 1 of chapter 122 become absolute upon the occurrence of an accident and cannot be defeated by any terms of the policy.'* * *"

At a subsequent point, that Court noted, 84 A. 2d 827—

"However, the decree of the Superior Court was in error in ordering coverage to the full policy limits. These are $25,000 and $50,000. The Financial Responsibility Act requires limits of $5,000 and $10,000.

\*   \*   \*   \*   \*   \*

"The issue of the financial limits of the application of the Financial Responsibility Act is one of law upon undisputed facts. * * *

"The endorsement on the policy referred to above provides that nothing contained herein shall 'apply to any insurance afforded by the policy which is not required by chapter 122, *Revised Laws of New Hampshire,* or any statutes amendatory thereof or supplementary thereto.' Section 8 of the Conditions of the Policy, which deals with the application of Financial Responsibility Laws generally, provides for a liability insurance 'to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits on liability stated in this policy.' Paragraph III of section 16 of said chapter 122, which is the authority for the position taken with respect to the insurer's liability, provides that it is 'subject to the minimum limits of liability validly made under the authority of paragraph VII of section 1 of this chapter * * *.'

"The view here taken of the financial limitation of the principles of the *Conwell* case is supported by *Behaney v. Travelers Ins. Co.,* 3 Cir., 121 F. 2d 838, 842. * * *"

The insurer was permitted to plead as to the coverage in excess of the statutory requirements, any defense available against the insured. See also *Landis, for Use of Talley v. New Amsterdam Casualty Co.,* 347 Ill. App. 560, 107 N. E. 2d 187 (1952), which had a clause exactly like clause 8 of the policy in question. The Court said in that case that under the policy terms, the insurer binds itself to pay the minimum amount required under the Financial Responsibility Laws of the place where the accident occurs, despite the fact that the maximum limits of the policy are not recoverable under other exclusionary terms of the policy and that, 107 N. E. 2d 191, "* * * the Financial Responsibility Law * * * is to be read into [the] policy * * *." Continuing the Court said—

"* * * the provision will be read into the policy to broaden the coverage of automobile liability policies consistent with the clear public policy reflected in the Statute. * *  "

. In the *Illinois* case, seemingly the policy coverage was greater than the limits of the Financial Responsibility Law and an effort was made to enforce liability to the extent of the policy coverage. This was resisted. As to this contention the Court observed (107 N. E. 2d at 192):

"There is also a contention made in this Court that the policy coverage should be limited to $5,000.00 since Section 58e of the Motor Vehicle Financial Responsibility Law provides that proof of financial responsibility shall mean proof of ability to respond in damages in the amount of $5,000.00. The provision of the policy referred to as condition 6 is specifically to the effect that where the provisions of the Motor Vehicle Financial Responsibility Law of any State are to be read into the policy, such provisions are to be effective 'to the extent of the coverage and limitation of liability required by such law,' but not in excess of the policy limits in amount. It is obvious that the word 'coverage' in the quoted portion of condition 6 could only refer to coverage required by the Financial Responsibility Law. Such required coverage was in the sum of $5,000.00. This construction is reinforced by the further provision that, in no event would such coverage exceed the limits of liability stated in the policy. A judgment, therefore, would be justified under the circumstances, in the sum only of $5,000.00 and costs of suit."

Whether the insurance coverage designated under Title 21 *Del. C.* § 6102 is termed or characterized as "Compulsory" or "required" is not a deciding factor in determining whether or not there is coverage in the instant case, as the plaintiff contends. The statute, 21 *Del. C.* § 6102, merely requires that there be minimum coverage of $5,000.00 and $10,000.00. Title 21 *Del. C.* § 2904(f) (1) makes the liability absolute. The policy under consideration, by its own terms met these minimum requirements and this is all Truck Rental must show.

A further ground supporting Truck Rental's motion for summary judgment is the fact that plaintiffs have no

standing to raise the defenses which might be available to the insurer against the insured, but see Title 21 *Del. C.* § 2904 (f) (1). The insurer of Truck Rental is the only party entitled to raise any defenses available under the exclusionary provisions of its policy with Truck Rental and this it has declined to do, if in fact it could do so. The insurer has agreed to afford to the Richards' Estate Truck Rental's coverage under the policy to the limits of the statute. Proof of financial responsibility is all that Truck Rental is required to show to entitle it to dismissal and it has; therefore, it is entitled to a judgment of summary judgment.

Hence, in compliance with Title 21 *Del. C.* § 6102, subsection (d) Truck Rental is dismissed as a party defendant in each action. Having decided that Truck Rental had complied with the provisions of the statute, 21 *Del. C.* § 6102, the other issues raised by the plaintiff become moot.

An order may be presented providing that Truck Rental's motion for summary judgment is granted and that it is dismissed as a party defendant in both of these civil actions.