Rockingham
No. 83-025

GRACE MARY WHITTAKER

v.

ROYAL GLOBE INSURANCE COMPANIES & a.

December 16, 1983

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Eugene M. Van Loan, III,* and *Jeffrey H. Karlin* on the brief, and *Mr. Karlin* orally), for defendant Wayne Merriman.

*Devine, Millimet, Stahl & Branch P.A.,* of Manchester (*Andrew D. Dunn* on the brief and orally), for Royal Globe Insurance Companies.

BATCHELDER, J.  This is an appeal from a denial of the plaintiff's petition for declaratory judgment concerning insurance coverage for property damage arising out of a vehicular accident. The Master (*R. Peter Shapiro,* Esq.) recommended a ruling that the defendant insurance company properly denied coverage. The Superior Court (*Bean,* J.) approved the master's report denying the plaintiff's petition. For the reasons which follow, we affirm.

On April 23, 1978, Winifred Whittaker, a Massachusetts resident, rented an automobile in Haverhill, Massachusetts, from New England Rent-A-Car, a Massachusetts-based corporation. The rented automobile bore a Massachusetts registration and the rental agency was insured under a standard Massachusetts motor vehicle policy issued by the defendant Royal Globe Insurance Company (Royal Globe). The policy excluded coverage for "property damage . . . caused by anyone using an auto without the consent of the owner."

The rental agreement executed by Winifred Whittaker describes, immediately above her signature, the individuals to whom the owner-lessor gives its consent to drive the rented automobile:

"Vehicle shall NOT be operated by any person except Customer and the following Authorized Operators who must be validly licensed to drive and have Customer's prior permission: persons 21 or over who are members of Customer's immediate family and permanently reside in Customer's household; the employer, partner, executive officer, or regular employee of Customer; additional authorized operator(s) approved by Lessor in writing."

The plaintiff, Grace Mary Whittaker, is a nun in the Order of the Sisters of Charity. She has resided at the Mother House of the Order in Nazareth, Kentucky, for twenty-five years. During late August 1978, she was vacationing at the Massachusetts home of her mother, Winifred Whittaker. On August 26, 1978, her mother drove them in the rented automobile to the Franciscan Priory in Rye Beach, New Hampshire.

While visiting the priory, Winifred became ill. She had a heart condition and was apprehensive over taking the medicine she had with her without taking another medicine which she had left at home. Although the plaintiff had only a driver's permit from Kentucky, she decided to drive her mother back to Massachusetts. While en route, the rented automobile driven by the plaintiff collided in Hampton, New Hampshire, with one driven by defendant Wayne Merriman of Shawnee, Kansas.

Wayne Merriman brought an action against Grace Mary Whittaker, who in turn brought this petition against Royal Globe and Merriman to determine whether she was covered under the insurance policy issued to the owners of the rented automobile. The trial court found that the "consent" exclusion was controlling and so declined to find coverage under the Royal Globe policy. The court reasoned that since the plaintiff was not licensed and was not a permanent member of Winifred's household, she did not have the consent of the owner-lessor to operate the automobile. Wayne Merriman brought this appeal, seeking a determination that the Royal Globe policy provided coverage.

The parties have agreed that Massachusetts law should govern the interpretation of the insurance policy and the issue of coverage in the present action. We agree.

Defendant Merriman maintains that the trial court erred as a matter of law in finding no coverage because under Massachusetts law the plaintiff would be deemed to have the implied consent of the owner to operate the vehicle, notwithstanding the provision in the rental agreement.

We are aware of no Massachusetts case that directly controls the

issue of coverage for a leased automobile for damages caused by the lessee's permittee. *See generally*, Annot., 4 A.L.R.3d 10 (1965). In making his recommendation, the master analyzed Massachusetts case law involving similar "consent" exclusions and concerning coverage for a third person (the second permittee) who used the named insured's automobile with the consent of the named insured's permittee (the first permittee). The master concluded that where the named insured allows the first permittee to use the automobile subject to restrictions limiting the use to specific operators, a second permittee using the vehicle in violation of said restrictions is not entitled to coverage under Massachusetts case law for an accident which occurred while the automobile was operated in violation of the named insured's restrictions. In support of his conclusion, the master relied upon: *Drescher v. Travelers Ins. Co.*, 359 Mass. 458, 269 N.E.2d 651 (1971); *Kneeland v. Bernardi*, 317 Mass. 517, 58 N.E.2d 823 (1945); *Woznicki v. Travelers Ins. Co.*, 299 Mass. 244, 12 N.E.2d 876 (1938); *Blair v. Travelers Ins. Co.*, 291 Mass. 432, 197 N.E. 60 (1935).

█ The Massachusetts Supreme Judicial Court's most recent pronouncement on the issue of coverage for a third-party operator was in *Drescher v. Travelers Ins. Co. supra*. In *Drescher*, the court contrasted the *Blair*, *Kneeland* and *Woznicki* cases (where no coverage was found) with the facts before it. The court distinguished the three prior cases stating: "In all of these cases, the owners loaned their cars for a specific and limited use." *Drescher*, 359 Mass. at 461, 269 N.E.2d at 653. In contrast, the named insured in the case before them had granted his permittee "general dominion" over the automobile, placing no restrictions on its use. *Id*. Because of this broad grant by the named insured, the court found that the named insured had impliedly consented to the second permittee's use and, therefore, held that there was coverage. *Id*. at 462, 269 N.E.2d at 654.

█ A finding of implied consent would be inappropriate in this case, where there were precise restrictions placed on the use and operation of the vehicle under the rental agreement. In permitting the plaintiff to operate the automobile, the plaintiff's mother contravened an unambiguous provision set forth on the front of the rental agreement. This provision restricting operation of the vehicle is an express condition to the named insured's agreement to rent the vehicle. We do not believe the courts of Massachusetts would find implied consent in the presence of a breach of contract. *See Liberty Mut. Ins. Co. v. Mueller*, 570 F.2d 508 (4th Cir. 1978); *Isaak v. Massachusetts Indem. Life Ins. Co.*, 123 Ariz. 581, 623 P.2d 11 (1981).

■ The master correctly observed that if this accident had occurred in Massachusetts, the plaintiff would be covered under the Royal Globe policy. By statute, Massachusetts extends compulsory liability insurance to the operators of leased vehicles even where the lessee of the vehicle violates the terms of the rental agreement by permitting the operator to drive the vehicle. MASS. GEN. LAWS ANN. ch. 90, § 32-E (West 1969). This statute, however, only pertains to liability incurred in connection with the operation of the vehicle "upon the ways of the commonwealth." *Id.* at § 34-A (West Supp. 1983).

■ Finally, we find no merit in defendant Merriman's argument that the defendant Royal Globe ought to be estopped from denying coverage because the rental agent saw someone other than the lessee drive the leased vehicle away from the owner's premises.

*Affirmed.*

All concurred.