Matthew **STOKES** and **Peerless Insurance Company, Plaintiffs,**

v.

**RELIANCE INSURANCE COMPANY, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted: July 9, 1986.
Decided: Oct. 28, 1986.

F. Alton Tybout, and David L. Baumberger, of Tybout, Redfearn, Casarino & Pell, for plaintiffs.

William J. Cattie, III, and Anthony M. Frabizzio, of Heckler & Cattie, for defendant.

TAYLOR, Judge.

This is a declaratory judgment action to require Reliance Insurance Company [Reliance] to defend Matthew Stokes [Stokes] and provide liability protection with respect to a suit brought against Stokes by James W. Brooks [Brooks] for injuries received in an automobile collision in which Stokes was the driver and Brooks was a passenger in a car which had been rented from Allstate Auto Leasing Company t/a National Car Rental [Allstate]. At all times pertinent to this case an automobile liability insurance policy issued by Reliance was in effect with respect to Allstate's rental car.

Peerless Insurance Company [Peerless], which maintained automobile liability insurance coverage for Stokes' father, has undertaken to defend Stokes in the Brooks suit and joins Stokes in this action. Plaintiffs have moved for summary judgment.

Reliance resists this action on the ground that (1) the Reliance coverage does not extend to Stokes and (2) even if coverage applies, it should be limited to the minimum required statutory coverage.

Stokes' relationship to the rental car is that the rental agreement was signed by John Clifton [Clifton] in order for Clifton, Stokes, Brooks and William Teis, all of whom were students at the University of Delaware, to take a vacation trip to Florida. The four agreed to share expenses of the trip including the car rental and fuel cost. The car was for the use of all with no restriction as to who could drive it. On the occasion of the accident in which Brooks was injured, Stokes and Brooks had used the car to try to find Clifton and having failed to find Clifton, were returning to their hotel. Stokes was driving and Brooks was a passenger.

I

Reliance contends that the language of its policy governs and since Stokes was not listed in the rental agreement as an authorized driver, under the policy language it has no liability to plaintiffs. Plaintiffs contend that under 21 *Del.C.* § 6102 Reliance is liable.

The Reliance policy in its National Car Rental Endorsement provided:

The Coverage of this policy will be extended to include primary insurance to the renter/driver as a named insured under a car rental contract, subject to the policy provisions, endorsements and exclusions as applicable to an insured under this policy.[1]

21 *Del.C.* § 6102 establishes a requirement that a person who engages in the business of renting motor vehicles without drivers must carry or cause to be carried public liability insurance in specified amounts insuring the lessee against liability arising out of the negligent operation of the rented vehicle. *Hamon v. Richards,* Del.Super., 190 A.2d 612 (1963); *Schwartz v. Centennial Insurance Co.,* Del.Ch., C.A. No. 5350, letter opinion, Hartnett, V.C. (March 6, 1979). Subsection (c) of § 6102 requires that the public liability coverage

1. Confusion exists as to terminology applicable to the party which supplied the use of the car for a charge and the party which obtained the use of the car for a charge. The National Car Rental Endorsement to the Reliance policy uses the word "renter" to refer to the party which obtains use of the car for a charge, while the Auto Rental Endorsement to the same policy uses the word "rentee" to refer to that party. 21 *Del.C.* § 6102 uses the word "renter" to refer to that party. For clarification, this decision will refer to the party which obtained use of the car for a charge as "lessee" and to the party which supplied the use of the car for a charge as "lessor."

shall extend to "any person operating the rented vehicle by or with the permission of the person" leasing the vehicle.

The Auto Rental Endorsement on the Reliance policy provides:

Each and every exclusion set forth elsewhere in this policy or its endorsements shall apply in addition to the following exclusions. This policy does not apply:

(a) To the rentee [lessee] while such auto is used or operated in violation of the terms and conditions of the rental agreement under which such auto is rented.

Reliance points out that the rental agreement which Clifton signed provided a space for inserting names of "Additional Authorized Driver[s]" in which none was named. Because the rental agreement does not permit anyone to drive the rented car who is not named in the rental agreement, Reliance contends that Clifton could not give permission to Stokes to drive the rented car. This agreement calls for consideration of whether the policy limitation which provides protection only when the rented vehicle is operated by a person named in the rental agreement provides the coverage required by 21 *Del.C.* § 6102.

The legislative objective of § 6102, as in the case of other forms of compulsory liability insurance coverage, is to provide protection of the public. Cf. *Allstate Insurance Co. v. Nationwide Mutual Insurance Co.*, Del.Supr. 273 A.2d 261 (1970); *Government Employees' Ins. Co. v. Brainard*, Del.Super., C.A. No. 83C–MR–94, Ltr.Op., Stiftel, J. (April 23, 1984). The legislature has required that this coverage shall extend to any driver who has the lessee's permission to drive the rented vehicle. Thus, the legislature has left to the lessee the right to permit others to drive the rented car. The statute gives no such power of permission to the rental company or its insurer. Whatever may be the right of the rental company with respect to the use of the vehicle, the statute does not give the lessor the power to limit the public protection provided by § 6102. Similar results have been reached in *Allstate Insur-*

*ance Co. v. Royal Globe Insurance Co.*, N.J.Super.App., 195 N.J.Super. 598, 481 A.2d 298 (1984); *Tom Sawyer Country Day School v. Providence Washington Insurance Co.*, N.Y.App.Div., 108 A.D.2d 810, 485 N.Y.S.2d 126 (1985); *State Farm Mutual Automobile Insurance Co. v. Budget Rent–A–Car Systems, Inc.*, Minn. App., 359 N.W.2d 673 (1984); and *Milbank Mutual Insurance Co. v. U.S. Fidelity and Guaranty Co.*, Minn.Supr., 332 N.W.2d 160 (1983).

Reliance cites *Whittaker v. Royal Globe Insurance Companies*, N.H.Supr., 124 N.H. 300, 471 A.2d 1149 (1983) in support of its position. *Whittaker* involved a New Hampshire accident involving a car which was rented in Massachusetts and which, at the time of the accident, was driven by a member of the lessee's family whose name was not listed as an authorized driver. Apparently, applying Massachusetts common law, the New Hampshire Supreme Court held that the insurance policy carried by the lessor controlled the rights of the parties and that under the terms of the policy, coverage was limited to persons listed as authorized drivers in the lease. However, the Court noted that if the accident had occurred in Massachusetts, the insurer would have been liable by virtue of a Massachusetts statute, notwithstanding the policy language. Therefore, *Whittaker* does not aid Reliance.

I conclude that the insurance provided by Reliance for Allstate's cars rented in Delaware is required to be coextensive with 21 *Del.C.* § 6102 and that the policy provision discussed above, which excludes a driver who had the lessee's permission to drive the rented car, violates that statute. Accordingly, that provision of the policy must be disregarded in determining the extent of Reliance's liability. Cf. *State Farm Mut. Auto Ins. Co. v. Abramowicz*, Del.Supr., 386 A.2d 670 (1978).

The test to determine Reliance's liability in this case is whether Stokes had permission from Clifton to drive the rented car. From the undisputed facts set forth above, I conclude that Stokes did have that per-

mission. Accordingly, Stokes is entitled to liability protection from Reliance.

## II

■ The second issue is the amount of liability protection which Reliance must provide with respect to Stokes' accident. Reliance contends that since this protection is imposed by virtue of 21 *Del.C.* § 6102, that protection should be limited to the minimum coverage required by statute, i.e., a maximum of $10,000 for one person and a maximum of $20,000 for all persons injured or killed in any one accident. 21 *Del.C.* § 6102(a).

The answer to this contention is found in § 6102(c) which provides that insurance coverage shall inure to the permitted operator "in the same manner and under the same conditions and to the same extent as to the renter [lessee]." This insurance policy did not limit the lessee's coverage to the amount required by statute. With respect to the rental, this policy was the rental company's only effort to comply with § 6102. Hence, this coverage must be treated as complying in all respects with § 6102. It is inappropriate to ignore the coverage actually provided with respect to the lessee. Therefore, the manner, conditions and extent of the benefits provided the permitted operator, must be the same as the policy provides for the lessee. This encompasses the total amount of coverage provided for the lessee.

Reliance contends that this Court should apply to 21 *Del.C.* § 6102 the language of 21 *Del.C.* § 2902(g) which provides that where liability coverage greater than that required by § 2902 is carried, "such excess or additional coverage shall not be subject to this chapter." Reliance cites *Hamon v. Richards*, Del.Super., 190 A.2d 612, 616 (1963) in which this Court stated that § 6102 is interrelated with and part of the Financial Responsibility Law, Title 21, *Del.C.* Ch. 29. In *Hamon*, this Court found that § 6102 and Chapter 29 are both

founded on a policy of providing financial protection for the public against negligent drivers of motor vehicles. However, the two statutes contain different specific provisions which prevent applying provisions of the one statute in interpreting provisions of the other statute.

The cases cited by Reliance in support of limiting Reliance's liability to the statutory amount are inappropriate. *Farm Bureau Auto Insurance Company v. Martin, et al.*, N.H.Supr., 97 N.H. 196, 84 A.2d 823 (1951), applying New Hampshire law, held that a provision in an automobile liability insurance policy which stated that certain coverage only applies to the extent required by the New Hampshire Financial Responsibility Act, governed the extent of coverage. It is not contended that the Reliance policy contained such a provision. Moreover, it does not appear that the New Hampshire statute contained an "equal coverage" provision, discussed above, which the Delaware statute contains. *Landis v. New Amsterdam Casualty Co.*, Ill.App., 347 Ill.App. 560, 107 N.E.2d 187 (1952) and *Rocky Mountain Fire & Cas. Co. v. Allstate Ins. Co.*, Ariz.Supr., 107 Ariz. 227, 485 P.2d 552 (1971) reached the same result based on similar policy language. *State Farm Mutual Auto Ins. Co. v. Shelly*, Mich.Supr., 394 Mich. 448, 231 N.W.2d 641 (1975) applied express statutory language similar to that found in 21 *Del.C.* § 2902(g).

Here, § 6102 contains language which renders the language of § 2902 inapplicable. Section 6102(c)[2] mandates that the coverage for the permitted operator be the same as that provided for the lessee. That language is clear and cannot be diminished by analogy to § 2902. The decision in *Hamon* does not control here because it did not involve an attempt to provide different coverage for the permitted operator than that provided for the lessee. *Hamon* involved the validity of a clause which applied irrespective of who was driving the rented car.

**2.** 21 *Del.C.* § 6102(c) provides in pertinent part:
The policy of insurance referred to in subsection (a) of this section shall inure to the benefit of any person operating the rented

vehicle by or with the permission of the person so renting it in the same manner and under the same conditions and to the same extent as to the renter.

I find that under 21 *Del.C.* § 6102 coverage for the permitted driver is required to be the same as that provided for the lessee, regardless of whether the amount of coverage was the minimum amount specified by the statute or a greater amount. Accordingly, Reliance is liable for liability protection in the amount specified in the liability policy for injuries caused by negligence of Stokes while driving the rented car with permission of the lessee, Clifton.

Based on the foregoing, Plaintiffs' motion for summary judgment is granted.

IT IS SO ORDERED.