**Curtis Edward MOUL, Jr.**
**and**
**Priscilla Moul**

**v.**

**James Roddy PACE**
**and**
**Joseph O. Trahan t/a Sani-Kan Company**
**and**
**Sani-Kan Company, a corporation.**
**Civ. No. 16784.**

United States District Court
D. Maryland.

Dec. 12, 1966.

---

3. Holmstrom v. Mutual Benefit Health & Accident Ass'n, 139 Mont. 426, 364 P.2d 1065 (1961).

Jacob S. Levin, Langley Park, Md., and Andrew B. Ferrari, Arlington, Va., for plaintiffs.

John M. McInerney, Bethesda, Md., and John K. Barbour, Jr., Baltimore, Md., for defendants, Joseph O. Trahan, t/a Sani-Kan Company and Sani-Kan Company, a corp.

FRANK A. KAUFMAN, District Judge.

Plaintiffs filed suit in this Court on October 13, 1965, alleging that they suffered injuries on December 24, 1962, in an automobile accident caused by the negligence of defendant Pace, an agent, servant or employee of one or both of the other two defendants. Jurisdiction is based upon diversity of citizenship. Defendant Trahan filed an answer to the complaint. Defendant Sani-Kan Company's motion for summary judgment

was granted pursuant to a stipulation of all parties.

The Return on Service of Writ, dated October 26, 1965, stated that defendant Trahan had reported that defendant Pace was deceased. On December 4, 1965, a Suggestion of the Death of defendant Pace was filed by counsel for plaintiffs. On July 16, 1966, plaintiffs filed a motion for substitution of Albert Ginsberg, Esquire, Administrator of the Estate of James Roddy Pace as party defendant in place of defendant Pace. In so doing, plaintiffs alleged the death of defendant Pace on February 12, 1965, and the issuance of letters of administration to, and the qualification of, the administrator on March 24, 1966, in Anne Arundel County, Maryland. On July 18, 1966, defendant Trahan filed a "Motion to Strike" plaintiffs' motion for substitution.

Federal Rule 25(a) (1) provides as follows:

"(a) Death.

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

In Chorney v. Callahan, 135 F.Supp. 35 (D.Mass.1955), defendant Callahan died on January 11, 1953. Suit was thereafter instituted on March 13, 1953. The Court held that Rule 25(a) (1) was not applicable as it "clearly contemplates substitution for a party, i. e., for someone who had been made a party to the action be-

fore his death." Chorney v. Callahan, supra, 135 F.Supp. at 36.

■ This Court agrees that Rule 25(a)(1) does not apply in this case because the defendant Pace was deceased at the time the suit was filed. Therefore, questions presented by the ninety day provision of Rule 25(a)(1) and possible enlargement of that period under Rule 6(b)(2) do not need to be decided in this proceeding.

The Court has considered the possibility that plaintiffs' motion for substitution might be treated as a motion to add a party by way of amendment pursuant to Federal Rule 15(c), the first paragraph of which provides:

"(c) *Relation Back of Amendments:* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added).

For discussion of Rule 15(c) and its application to adding parties, see 3 MOORE, FEDERAL PRACTICE ¶ 15.08[5] (1964).

■ The "period provided by law for commencing the action" was three years. Burket v. Aldridge, 241 Md. 423, 216 A.2d 910 (1966), construing 5 MD.ANN. CODE art. 57, § 1 (1964 Replacement Vol.).

In Burket v. Aldridge, supra, plaintiff allegedly was injured in an automobile accident on September 11, 1961, due to the negligence of defendant Smith. Smith died on December 29, 1963. Suit was instituted in the Circuit Court for Frederick County on September 8, 1964. Judge Clapp, in the trial court, sustained the plea of limitations entered by Smith's administrator. The Court of Appeals of Maryland affirmed, holding, in an opinion by Judge Oppenheimer, that the action of plaintiff was barred by the three year limitations period of Section 1 of Article 57 and that the three year period was not extended because suit was brought within the six month period after the appointment of Smith's administrator pursuant to 8A MD.ANN. CODE art. 93, § 112 (1964 Replacement Vol.). That section provides that executors or administrators are liable for certain actions commenced within a period of six months after their qualification. The Court of Appeals of Maryland held in the *Burket* case that Section 112 does not extend or toll the three year period of limitations provided in Section 1 of Article 57, that "an action brought against a dead man is a nullity," and that "where an action * * * is brought against a dead man, the substitution of his personal representative after the expiration of the period of the Statute of Limitation does not relate back to the time of the filing of the original suit so as to prevent the Statute from being a bar to the litigation." Burket v. Aldridge, supra, 241 Md. at 430–431, 216 A.2d at 913–914.

■ The administrator, Mr. Ginsberg, the party who would be added in this case if plaintiff were permitted so to do under Rule 15(c), did not know and could not have known, in his capacity as administrator, of this action "within the period provided by law for commencing the action against him" (see Rule 15(c) quoted above), namely the three year period provided by Section 1 of Article 57. Therefore, plaintiffs' motion for substitution cannot be treated as a motion to amend under Rule 15(c).

For the foregoing reasons, plaintiffs' motion for substitution is denied. De-

fendant Trahan's motion to strike is thereby rendered moot. The action in this case against the deceased party, James Roddy Pace, one of the defendants, is dismissed with costs.