**Joseph T. BRENNAN, Guardian Ad Litem and of the Minor Estate of Patricia Ann Seal, a Minor; and Joseph T. Brennan, Administrator D.B.N.C.T.A. of the Estate of Ethelbert J. Seal, Deceased, Plaintiff,**

**v.**

**ESTATE of Albert Dodson SMITH and M. & G. Convoy, Inc., Defendants.**

**Civ. No. 10079.**

United States District Court
M. D. Pennsylvania.
July 9, 1969.

**308**

Lewis R. Long, James R. Charron, Bethlehem, Pa., for plaintiff.

James W. Scanlon, Scranton, Pa., for defendants.

SHERIDAN, Chief Judge.

This is a ruling on a motion by plaintiff to amend the complaint.

Plaintiff, guardian and administrator, respectively, of the Estates of Patricia

Ann Seal, a minor, and Ethelbert J. Seal, seeks to recover damages for the death of Ethelbert J. Seal,[1] in an accident which occurred on July 17, 1966, when a car, owned and operated by Ethelbert J. Seal was involved in a collision with a tractor-trailer, the truck-tractor part of which was owned by Albert Dodson Smith, deceased, and the trailer part of which was owned by M. & G. Convoy, Inc. Plaintiff brought the action against the "Estate of Albert Dodson Smith" and M. & G. Convoy, Inc. In their answer, defendants, as a Third Defense, stated that the action against the Estate of Albert Dodson Smith should be dismissed because the estate is not a legal entity subject to suit. Plaintiff filed a motion for leave to amend the complaint to substitute Genevieve Smith, widow of Albert Dodson Smith and Administratrix of his estate, as a party defendant. Defendants oppose the motion.

There appears to be no dispute that the administratrix rather than the estate is the proper defendant under Pennsylvania law. Rule 17(b) Fed.R. Civ.P.; 20 P.S. § 320.603; In re Harrisburg Trust Co., 1923, 80 Pa.Super. 585. The Pennsylvania one year period of limitations, 12 P.S. § 1603, has run on the Wrongful Death action, and the two year period of limitations, 12 P.S. § 34, has run on the Survival action. The question, therefore, is whether the amendment should be permitted and, if so, whether it is to relate back to the time of filing of the action.

Leave of court to amend a pleading shall be freely given when justice so requires. Rules 15(a) Fed.R.Civ.P. Rule 15(c) provides:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amend-

[1]. The action for the death of Ethelbert J. Seal is brought pursuant to the Pennsylvania Wrongful Death Act, 12 P.S. § 1601 and Survival Act, 20 P.S. § 320.-601.

ment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Here it is clear that the claim asserted in the amended pleading arose out of the same conduct or occurrence set forth in the original complaint. A cause of action based on negligence is asserted against Albert Dodson Smith. The cause of action arose on July 17, 1966, and the complaint was filed on July 12, 1967, within the period of limitations for both the Wrongful Death and Survival actions. The administratrix sought to be brought in had notice and will not be prejudiced. An uncontradicted affidavit filed by counsel for plaintiff indicates that beginning on December 9, 1966, he had conducted settlement negotiations on several occasions with the insurance carrier for Albert Dodson Smith; that on June 27, 1967, counsel for plaintiff filed a petition with the Register of Wills of Luzerne County, Pennsylvania, for a rule to show cause why Genevieve Smith, wife of Albert Dodson Smith, or her nominee should not take out Letters of Administration so that plaintiff could pursue the claim against his estate; that Genevieve Smith was personally served with a copy of the petition; that prior to July 12, 1967, the date set for hearing on the petition, Genevieve Smith was requested by plaintiff's counsel to take out Letters of Administration in her husband's estate; that plaintiff's counsel contacted Genevieve Smith's personal counsel, at her suggestion, to arrange for Letters to issue to Genevieve Smith; that on July 11, 1967, Genevieve Smith petitioned the Register of Wills for Letters of Administration which were issued to her on July 12, 1967; that the petition of Genevieve Smith indicated that the "purpose of 1 trs is to start a lawsuit"; and that before filing the instant lawsuit plaintiff's counsel checked to determine that the Letters of Administration had been issued.

■ The action was begun on the same day that the Letters were issued. The Marshal's Return of Service of Writ shows that on July 13, 1967, the complaint was personally served on Genevieve Smith, Administratrix of the Estate of Albert Dodson Smith. It is apparent that Genevieve Smith took steps to protect the interests of the estate since an answer was filed on behalf of both defendants. From all the contact with Genevieve Smith and her counsel prior to the issuance of Letters of Administration, Genevieve Smith certainly knew or should have known that but for a mistake in designation of the proper party the action would have been brought against her as administratrix. The identity of interest of Genevieve Smith and the estate of her husband is apparent. Plaintiff did not deliberately file the action against the estate; rather, plaintiff went to great lengths to have a personal representative appointed. The statute of limitations was running. The failure to designate the proper party was an excusable oversight. The motion will be allowed and the amendment will relate back to the time of filing the complaint. Cf. Wynne v. United States ex rel. Mid-States Waterproofing Co., Inc., 10 Cir. 1967, 382 F.2d 699; Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co., 10 Cir. 1967, 382 F.2d 103; Gram v. May, E.D.Pa.1966, 41 F.R.D. 52; Frankel v. Styer, E.D.Pa.1962, 209 F.Supp. 509; 3 Moore, Federal Practice para. 15.15 [4.02] (2d ed.); Crowder v. Gordons Transports, Inc., 8 Cir. 1967, 387 F.2d 413.