Shasaku **MIZUKAMI**, Gosaku Mizukami, et al., Plaintiffs-Appellants,

v.

Peter R. **BURAS**, Connecticut Fire Insurance Co., et al., Defendants-Appellees.

No. 27440.

United States Court of Appeals
Fifth Circuit.

Dec. 29, 1969.

Robert Scott McIntosh, II, New Orleans, La., for plaintiffs-appellants.

M. N. Grossel-Rossi, R. A. Redwine of Leach, Grossel-Rossi & Paysse, New Orleans, La., for defendants-appellees.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

PER CURIAM.

Appellants, citizens of Japan, seek review of an order of dismissal in a diversity action filed by them in the United States District Court for the Eastern District of Louisiana. The suit was initiated against Peter R. Buras and his insurance carrier, Connecticut Fire Insurance Company, to recover for the death of Shasaku Mizukami. As to Peter R. Buras, the court found that he was deceased at the time the suit was filed and denied substitution of his heirs as parties. The court dismissed the action against the insurance carrier for failure to join an indispensable party and for lack of jurisdiction. We affirm.

On October 15, 1965, Shasaku Mizukami was struck and killed by a pickup truck owned and operated by Peter R. Buras. The instant action was filed on October 17, 1966, naming Buras and Connecticut Fire Insurance Company as defendants. Service on Buras was never accomplished since he had died in July of 1966.

■ Appellants moved to substitute the heirs of Peter R. Buras as parties defendant. Rule 25(a) (1) F.R.Civ. Pro., allows substitution for a deceased party where the claim is not extinguished by his death. However, as the district court noted, the rule contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in the present case since Buras predeceased the filing of the action. Chorney v. Callahan, 135 F.Supp. 35 (D.Mass.1955).

■ The court's dismissal of the claim against Connecticut Fire Insurance Company for lack of subject matter jurisdiction was also proper. That company's policy with Peter R. Buras was limited in amount to $5,000 for each person injured and $10,000 for each accident. Thus, the amount in controversy does not *exceed* $10,000 as is required to support jurisdiction grounded on diversity of citizenship. 28 U.S.C.A. § 1332. The judgment is affirmed.