**Harold L. LOUDENSLAGER, Appellant,**

v.

**Margaret Bittinger TEEPLE.**

No. 71-1764.

United States Court of Appeals,
Third Circuit.

Argued June 15, 1972.

Decided Aug. 1, 1972.

John W. Purcell, Schaeffer, Purcell & Nissley, Harrisburg, Pa., for appellant.

Richard H. Wix, Harrisburg, Pa. (Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., on the brief), for appellee.

Before STALEY, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

On April 5, 1968, Harold L. Loudenslager, the appellant in this case, was involved in an automobile accident and suffered injuries. The driver of one of the other cars involved in this accident was Margaret Bittinger Teeple. Asserting that she had negligently caused the accident, Mr. Loudenslager began an action against Margaret Teeple to recover for his injuries by filing a complaint on March 18, 1970, in the United States District Court for the Middle District of Pennsylvania.

This complaint asserted that the defendant was a resident of Maryland, and the summons and complaint were served on the Secretary of the Commonwealth of Pennsylvania pursuant to 75 Purdon's Pa.Stat.Ann. § 2001. True and attested copies were sent by certified mail addressed to Margaret Bittinger Teeple; one C. W. Ingram signed for their delivery.

On April 13, 1970, eight days after the running of the applicable statute of limitations,[1] a praecipe for appearance on behalf of Margaret Bittinger Teeple was filed. Interrogatories propounded by defendant, Margaret Bittinger Teeple, were filed on June 1, 1970. Also filed on June 1, 1970, was an answer to the complaint which averred that Margaret Bittinger Teeple had been dead since 1968.

Appellant then moved to amend his complaint to change the party defendant from Margaret Bittinger Teeple to the personal representative of her estate and sought to have this amendment relate back to the date of the filing of the original complaint. The district court ruled that since the suit was commenced against a decedent, the suit was a nulli-

---

1. In diversity cases, the applicable statute of limitations is that of the forum state. Here, the Pennsylvania statutory period is two years. 12 Purdon's Pa.Stat.Ann. § 31.

ty and there existed no viable action which could be amended.

The district court relied on two decisions of the Supreme Court of Pennsylvania [2] holding that decedents may not be parties to an action and any such attempted proceeding is completely void. The court in those cases refused to permit amendment to the original complaint because it had ruled that nothing existed that could be amended.

■ The district court stated that the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),[3] requires a Federal court in a diversity action to look to the law of the forum to determine whether an amendment can be made. We do not view state law as controlling the question of whether the instant amendment was permissible. What is at issue here is the construction and application of Rule 15 of the Federal Rules of Civil Procedure. This is entirely a matter of Federal practice. As stated by Professor Moore:

"If state law were to displace Rule 15(c) in 'diversity cases,' the policy embodied in Rule 15(a) of facilitating decisions based on the merits, which has been affirmatively approved by the Supreme Court, would be frustrated. Rule 15 embodies a comprehensive scheme for this purpose, so that all three subdivisions of the rule—(a), (b), and (c), also (d), for that matter —should be viewed as an entirety and

a matter of Federal Practice." 3 Moore's Federal Practice, 2d ed., § 15.15(2) at 1023.

See also, 1A Barron & Holtzoff, Federal Practice & Procedure § 448.1.

■ Having ruled that the application of Rule 15 to the instant case is a question of Federal law, we must next consider the merits of appellant's argument. It is his contention that the amendment should be permitted because the terms of Rule 15(c) were in fact complied with.[4] Appellant asserts that the personal representative of the Teeple estate accepted service of the complaint by registered mail [5] prior to the expiration of the statutory period. It is therefore argued that the new defendant will not be prejudiced in maintaining a defense of the case on the merits. Further, he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We agree that the clear terms of Rule 15(c) were complied with in the instant case. The personal representative sought to be brought in had notice and will not be prejudiced. The mistake in identity was obvious and apparent. We find support for our view in another decision from the Middle District of Pennsylvania by its chief judge, Judge Sheridan. That case, Brennan v. Estate of Smith, 301 F.Supp. 307 (M.D.Pa., 1969), permitted a suit against a non-existent party to be amended after the statute of

2. Ehrhardt v. Costello, 437 Pa. 556, 264 A.2d 620 (1970) ; Thompson v. Peck, 320 Pa. 27, 181 A. 597 (1935).

3. Two other decisions relied on by the district court were Burns v. Turner Construction Co., 265 F.Supp. 768 (D.Mass., 1967), and Moul v. Pace, 261 F.Supp. 616 (D.Md., 1966).

4. "Rule 15. Amended and Supplemental Pleadings

\* \* \* \* \*

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

" \* \* \* \* \* "

28 U.S.C.A. Rule 15(c).

5. C. W. Ingram is the personal representative of the estate.

limitations had expired.[6] The action had been brought against the estate of the deceased defendant, and the court stated that under Pennsylvania law, the estate is not a legal entity subject to suit. The complaint had been served on the administratrix of the estate, and since the requested amendment sought to substitute the administratrix as a party defendant, the court ruled that the requirements of Rule 15(c) had been satisfied. The amendment was permitted and allowed to relate back to the date of the original complaint even though the statute of limitations had run.

We hold that under the facts of the instant case, the prerequisites set forth in Rule 15(c) have been met and that the admendment substituting the personal representative of Margaret Bittinger Teeple as a party defendant should be permitted and allowed to relate back to the date of the original complaint. The order of the district court will be reversed and the cause remanded for proceedings consistent with this opinion.

6. See also, Newman v. Freeman, 262 F. Supp. 106 (E.D.Pa., 1966); Frankel v. Styer, 209 F.Supp. 509 (E.D.Pa., 1962); Denver v. Forbes, 26 F.R.D. 614 (E.D. Pa., 1960); Taylor v. Reading Co., 23 F.R.D. 186 (E.D.Pa., 1958).