Elizabeth DAVIS and Frank Davis, as
husband and wife, Plaintiffs,

v.

Ruth CADWELL and Quinn Cadwell, as
husband and wife, and Michelle Green-
leaf and Michael Greenleaf, Defendants.

Civ. A. No. 80–542.

United States District Court,
D. Delaware.

May 28, 1982.

Eric M. Doroshow, Doroshow & Pasquale, Wilmington, Del., for plaintiffs; Cornelius Van Galen, Philadelphia, Pa., of counsel.

Richard Galperin, Flanzer & Isaacs, Wilmington, Del., for defendants Ruth and Quinn Cadwell.

Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendants Michael and Michelle Greenleaf.

OPINION

CALEB M. WRIGHT, Senior District Judge.

This diversity action [1] arose out of a motor vehicle accident which occurred, according to the Complaint and Answer, in Wilmington, Delaware on November 19, 1978. The accident took place when an automobile

---

**1.** Plaintiffs Elizabeth and Frank Davis are residents of the State of Pennsylvania. Defendant Michael Greenleaf is a resident of the State of Delaware. The Complaint alleged that Michelle Greenleaf, now deceased, was also a Delaware resident. The amount in controversy is in excess of $10,000 exclusive of interest and costs. Jurisdiction is premised on 28 U.S.C. § 1332.

driven by Quinn Cadwell, in which Mr. Cadwell's wife and the plaintiffs Davis were passengers, collided with a vehicle operated by the defendant Michelle Greenleaf. Michael Greenleaf, Michelle's father, was a passenger in the latter vehicle.

This suit was filed by Mr. and Mrs. Davis on November 17, 1980, two days before the expiration of the statute of limitations.[2] The Complaint alleged that the plaintiffs' injuries had been caused by the negligence of the defendants, Quinn and Ruth Cadwell and Michael and Michelle Greenleaf, and damages were sought. The case against the Cadwells was ultimately dismissed with prejudice by stipulation of all the parties.[3]

The Complaint was served on Michael Greenleaf on November 19, 1980, and he filed an Answer on January 15, 1981. On the latter date, Mr. Greenleaf's attorney also filed a Suggestion of Death on the Record, which stated that Michelle Greenleaf had died on or about February 17, 1980, nine months prior to the commencement of this action. The plaintiffs subsequently moved, pursuant to Fed.R.Civ.P. 25(a)(1), to substitute for Michelle Greenleaf the personal representative of her estate as a defendant in the present action. The Motion for Substitution of Parties filed by the plaintiffs did not indicate the identity of the personal representative sought to be substituted, however.[4] The Court in a letter to counsel dated April 29, 1981 stated that the plaintiffs' motion could not be considered until the representative was identified or the omission explained to the Court.

The plaintiffs' attorney never responded to the Court's letter.[5]

The plaintiffs took no further action in regard to their motion until the defendant Michael Greenleaf moved to dismiss the case against Michelle on the ground that the Court lacked jurisdiction over her.[6] At oral argument on the Motion to Dismiss, the Court advised the plaintiffs' counsel that substitution of parties could not be ordered in conformance with Rule 25(a)(1) where, as here, the person for whom substitution is sought has died prior to being named a party.[7] *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Chorney v. Callahan*, 135 F.Supp. 35, 36 (D.Mass.1955); 67A C.J.S. *Parties* § 168 (1978). The Court also noted that a personal representative of Michelle Greenleaf's estate had not yet been appointed.

The plaintiffs thereafter moved to add the representative of Ms. Greenleaf's estate as a defendant through an amendment to the Complaint under Fed.R.Civ.P. 15(a).[8] An administrator of the estate was appointed by the Register of Wills for New Castle County on March 30, 1982. The administrator, Gregg E. Wilson, Esquire, had petitioned the Register of Wills for letters of administration, stating that Ms. Greenleaf's next of kin was unwilling to represent her estate.

After the appointment of the administrator, the Court heard further argument from the parties as to the plaintiffs' Motion to Amend and the defendant's Motion to Dis-

---

2. Under Delaware law, a two year statute of limitations applies in personal injury actions such as that presently before the Court. 10 *Del.C.* § 8119.

3. Stipulation of Dismissal, filed September 30, 1981.

4. The Motion for Substitution of Parties, filed April 9, 1981, stated in part, "Wherefore, Plaintiffs pray that pursuant to Court Rule [sic] 25(a)(1) this Honorable Court substitute the personal representative of the estate of Michelle Greenleaf in place of the deceased Michelle Greenleaf as Defendant in this matter."

5. The attorney later represented to the Court that he had not received a copy of the Court's

letter due to a failure of communication between him and his local counsel.

6. The defendant's Motion to Dismiss as to Michelle Greenleaf was filed on November 12, 1981.

7. The rule provides, in relevant part, "If a *party* dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed.R.Civ.P. 25(a)(1) (emphasis supplied).

8. Plaintiffs' counsel requested at oral argument that the Motion for Substitution be construed by the Court as a Motion to Amend.

miss. The dispositive inquiry at this juncture is whether the amendment sought by the plaintiffs can "relate back" to the date of the filing of the Complaint so as to fall within the statute of limitations.

The requirements for the relation back of an amendment to a pleading are set forth in Fed.R.Civ.P. 15(c):

(c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ In the present case, it is undisputed that the case against Michelle Greenleaf arose out of the same occurrence as the case against her father. The plaintiffs fail to meet the requirements of Rule 15(c), however, in that the party they seek to substitute for Ms. Greenleaf did not receive notice or possess knowledge of the action against her within the statutory period.[9] By the express terms of Rule 15(c), therefore, the amendment for which the plaintiffs move cannot relate back to the filing of the Complaint, and the action against the administrator of Ms. Greenleaf's estate cannot thereby be brought within the statute of limitations. Since an amendment which does not relate back will not advance their cause, the Court denies the plaintiffs' Motion to Amend.

A similar result was reached in *Moul v. Pace*, 261 F.Supp. 616 (D.Md.1966). In that case, an action commenced against a deceased person was dismissed since the administrator whom the plaintiffs sought to add as a defendant "did not know and could not have known, in his capacity as administrator," of the action against the deceased person within the term of the applicable statute of limitations. 261 F.Supp. at 618. The Court declined to construe the plaintiffs' Motion for Substitution as a Motion to Amend in light of plaintiffs' failure to bring their case within the terms of Rule 15(c), and the action was dismissed as to the deceased person.

The present case can be distinguished from *Loudenslager v. Teeple*, 466 F.2d 249 (3d Cir. 1972), and *Brennan v. Estate of Smith*, 301 F.Supp. 307 (M.D.Pa.1969), in which amendments adding the representatives of the estates of deceased persons as defendants were permitted and held to relate back to the date of the original pleadings. In both *Loudenslager* and *Brennan*, the appointed representatives were held to have had actual notice and knowledge of the action against the deceased person. In this case, by contrast, the administrator appointed by the Register of Wills lacks the notice and knowledge required by Rule 15(c) to permit an amended pleading to relate back.

■ The plaintiffs urge that the Court should not require that the appointed administrator have had actual notice and knowledge of the action against Michelle Greenleaf's estate. Relying on *Swartzwelder v. Hamilton*, 56 F.R.D. 606 (M.D.Pa. 1972), the plaintiffs argue that the notification of Michael and Michelle Greenleaf's insurance carrier on April 3, 1979 of a potential claim is sufficient to meet the notice requirements of Rule 15(c) as to Mr. Wilson,

9. While the supplemental briefs filed by the plaintiffs did not mention the subject, their counsel stated in a hearing before the Court on May 10, 1982 that Mr. Wilson, the administrator appointed by the Register of Wills, had received no notice and possessed no knowledge of the lawsuit against Michelle Greenleaf prior to November 19, 1980, the date on which the statute of limitations ran.

the administrator. Plaintiffs' reliance is misplaced. Even if the Court did impute the notice and knowledge of the insurance carrier to the administrator, notice of a potential claim is not equivalent to the "notice of the institution of the action" required by Rule 15(c). *See Craig v. United States*, 413 F.2d 854, 858 (9th Cir.), *cert. denied* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1258–59 (D.Del.1975). It was established at the hearing on the present motions that the insurance company did not receive notice of this action until November 21, 1980, two days after the statute of limitations had expired.

For the foregoing reasons, the plaintiffs' Motion for Substitution and their Motion to Amend are denied. The defendant's Motion to Dismiss as to Michelle Greenleaf is granted.

An Order will be entered in accordance with this Opinion.