Willie J. SNOW, Plaintiff,

v.

Joan M. WEBB, Administratrix of the
Estate of Hollan B. Trotter, a/k/a
Holland B. Trotter, Jr., Defendant.

Superior Court of Delaware,
New Castle County.

Submitted: Dec. 14, 1988.
Decided: March 20, 1989.

Susan D. Ament, of Bryde, Ament & Evans, Wilmington, for plaintiff.

Stephen P. Casarino, of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant.

TAYLOR, Judge.

This is a personal injury action arising from an automobile accident which occurred on December 11, 1985 between the plaintiff William J. Snow and Holland B. Trotter. On December 7, 1987, plaintiff filed this suit against Mr. Trotter claiming damages for injuries. Mr. Trotter had died prior to the commencement of this suit. The Sheriff, being unable to serve process on Mr. Trotter, filed his return stating *"mortuus est"* on December 31, 1987. Plaintiff made effort to locate Mr. Trotter but did not ascertain that he had died until May of 1988. Since no administration had been undertaken for Mr. Trotter's estate, plaintiff, as a creditor of Mr. Trotter, on June 13, 1988 had his attorney's secretary appointed as administratrix for Mr. Trotter's estate. Service was then made upon that administratrix. This service was within six months of the return of the previous writ and, therefore, was permitted under Superior Court Civil Rule 4. Thereafter, plaintiff served upon the administratrix an amended complaint naming the administratrix as the defendant.

The administratrix has moved for summary judgment on the ground that plaintiff's action is barred by the statute of limitations.

Under 10 *Del.C.* § 8119, an action to recover damages for personal injuries must be brought within two years from the date upon which the alleged injuries were sustained. It is undisputed that this action was filed against the administratrix after the expiration of the two-year statutory period. Plaintiff argues, however, that under Superior Court Civil Rule 15(c) the filing of the amended pleading naming the administratrix as the defendant relates back to the original filing against the decedent, thereby bringing this action within the two-year statutory period.

A.

Before addressing the issue of whether plaintiff's amended complaint—which substitutes Mr. Trotter's administratrix in place of Mr. Trotter as defendant—may relate back to the filing of this suit, it is necessary for the Court to address the preliminary question of whether a suit filed against a deceased person is a valid action to which a subsequent amended complaint can relate back. The majority of courts which have addressed this issue hold that a suit filed against a dead person is void *ab initio* and is treated as a nullity. *See e.g. Eubank v. Barber–Colman, Co.,* Ga.App., 154 S.E.2d 638 (1967); *Bricker v. Borah,* Ill.App., 469 N.E.2d 241 (1984); *Ratliff v. Oney,* Ky.App., 735 S.W.2d 338 (1987); *Cromwell v. Ripley,* Md.App., 273 A.2d 218 (1971); *Chandler v. Dunlop,* Mass.Supr., 39 N.E.2d 969 (1942); *Mercer v. Morgan,* N.M.App., 526 P.2d 1304 (1974); *Thompson v. Peck,* Pa.Supr., 181 A. 597 (1935); *Gillespie v. Johnson,* W.Va.Supr., 209 S.E.2d 143 (1974). Until recently, it was unclear whether Delaware followed the nullity rule. *Cf. O'Lear v. Strucker,* Del.Super., 209 A.2d 755 (1965); *Ellis v. Woldoff,* Del.Super., C.A.No. 82C–MR–26, Walsh, J. (June 24, 1983) (Letter Op.). This confusion, however, was eliminated by the Delaware Supreme Court's holding in *Lockwood v. Levinson,* Del.Super., C.A. Nos. 85C–AU–11 and 86C–DE–178, Poppiti, J., 1987 WL 17679 (September 30, 1987) (Order), *aff'd.,* Del.Supr., 542 A.2d 357 (1988) (Order).

In *Lockwood* a plaintiff filed a personal injury action against a decedent within the statutory period and later sought to invoke 10 *Del.C.* § 8118(a)[1], better known as the "saving statute", to bring an action against the decedent's administrator after the expiration of the statute of limitations. Summary judgment was granted in favor of defendant on the ground that the prior suit against the decedent was a nullity and, therefore, there was no action which could be "saved" by 10 *Del.C.* § 8118(a). On appeal, the Delaware Supreme Court affirmed the Superior Court's ruling dismissing the suit; but the Supreme Court rested its holding on the failure of plaintiff to file an alias writ within six months after the return of the previous writ as required by Superior Court Civil Rule 4(a). The Supreme Court rejected the Superior Court's reasoning, stating:

> Specifically, we disagree with the Superior Court's conclusion that the original suit was a nullity because a lawsuit cannot be commenced against a dead person.

Based on the Delaware Supreme Court's language, I conclude that the filing of this suit after the death of Mr. Trotter was not a nullity. This position is particularly appropriate in a case involving the relation-back provision of Rule 15(c) in light of the liberal construction afforded the Rule. *E.K. Geyser Co. v. Blue Rock Shopping Center, Inc.*, Del.Super., 229 A.2d 499 (1967). Accordingly, this Court holds that this suit against Mr. Trotter, who at the time of filing was deceased, nonetheless was a valid action brought within the statutory period.

### B.

Defendant next argues that even if plaintiff's suit against Mr. Trotter was a valid action, plaintiff's amended complaint naming the administratrix as the defendant does not relate back to the filing of the original complaint because the requirements of Rule 15(c) are not satisfied. As a general rule, leave to amend a pleading is freely given when justice so requires. Superior Court Civil Rule 15(a). An amended pleading will relate back to the original pleading if the requirements of Superior Court Civil Rule 15(c) are met. Rule 15(c) provided:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Here it is undisputed that the claim asserted against the administratrix involves the same occurrence which was the subject of the original pleading against Mr. Trotter. Therefore, the identity requirement of Rule 15(c) is met.

As a general proposition under Rule 15(c), where a plaintiff seeks to substitute a decedent's personal representative as the defendant after the expiration of the statute of limitations and the suit involves the same occurrence as the original pleading, relation back under Rule 15(c) is dependent upon notification to the administrator of the suit within the statutory period. Where the personal representative of the decedent's estate has notice of the suit within the statutory period and is or should be aware that, but for plaintiff's mistake, suit would be filed against them, the re-

---

1. 10 *Del.C.* § 8118 provides:
   If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, ... or the action otherwise avoided or defeated by the death of any party thereto, ... a new action may be commenced, for the same cause of action, at any time within one year after the abatement....

quirements of Rule 15(c) are satisfied. *Loudenslager v. Teeple*, 466 F.2d 249 (3rd Cir.1972); *Brennan v. Estate of Smith*, M.D.Pa., 301 F.Supp. 307 (1969). Where the decedent's personal representative is appointed after the expiration of the statute of limitations, it is impossible for them to have notice of the suit within the statutory period and ordinarily the amended complaint will not relate back to the prior pleading. *Davis v. Cadwell*, D.Del., 94 F.R.D. 306 (1982); *Moul v. Pace*, D.Md., 261 F.Supp. 616 (1966). ·

■■ In considering the requirement of Rule 15(c) that the party to be brought into the suit "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits", the notice which the insurer had and its involvement with plaintiff's claims may be considered if there are facts in a particular case which set that case apart.

Within two weeks after this accident on December 11, 1985, plaintiff's counsel wrote to Mr. Trotter and asked him to inform his insurance carrier, State Farm Insurance Company [State Farm] of the accident. On January 6, 1986, plaintiff's counsel sent a copy of the police report to State Farm and requested the name of the representative who would be handling plaintiff's claim. By letter dated January 28, 1986 State Farm acknowledged receiving plaintiff's counsel's letter. For almost two years prior to the filing of the action against Mr. Trotter, plaintiff's counsel exchanged information about the accident and plaintiff's employment and medical records with State Farm in an attempt to facilitate settlement. In August of 1987, plaintiff suggested a settlement figure and requested State Farm to respond promptly in view of the fact that the statutory period for filing would expire shortly. In late November, 1987, less than two weeks before the expiration of the statute of limitations, State Farm made an offer less than ten percent of plaintiff's figure. Under plaintiff's version of the events, plaintiff's counsel thereafter rejected State Farm's offer, and plaintiff asserts that State Farm

was notified that suit had been filed against Mr. Trotter. Therefore, State Farm has had full opportunity to investigate and develop the evidence for its defense against plaintiff's claim and its defense on the merits has not been prejudiced.

■■ A further consideration is who is the real party in interest in the defense of this suit. Plaintiff's claim is based on the alleged tortious conduct of Mr. Trotter. Under Delaware Law, where a person whose tortious conduct has caused injury has died, the proper defendant is the person who is authorized to administer the estate of the deceased tortfeasor. 10 *Del.C.* § 3701. In the case of Mr. Trotter, apparently he left no estate to be administered and, therefore, no administrator was appointed. When the fact of Mr. Trotter's death came to the attention of plaintiff's counsel, since no administrator had been appointed for Mr. Trotter's estate (there apparently being no estate), plaintiff's counsel took steps to have an administratrix, who was a secretary in that counsel's office, appointed whose sole function would be to fulfill the requirement to permit the suit to be pursued by plaintiff. In this context, any notice of plaintiff's claim or suit given to an administratrix for Mr. Trotter would serve no purpose other than to give notice to Mr. Trotter's insurance carrier of the claim or suit.

The administratrix in this case was not appointed at the request of Mr. Trotter's heirs to collect his assets, pay his debts and taxes and distribute the remainder of his estate. Instead, this administratrix was appointed at the request of the plaintiff's counsel as a means of obtaining the protection afforded by Mr. Trotter's automobile insurance carrier. In fact, the original administratrix was a secretary in that counsel's law office. Moreover, when plaintiff's counsel sought to have a substitute administrator appointed to replace the original administratrix, no heir of Mr. Trotter responded to the notice that a hearing would be held on the proposed substitution. *See In Re: Estate of Trotter*, Del.Ch., No. 93070, Allen, Ch. (February 10, 1989) (Or-

der). Unlike a case where a person dies leaving assets to be distributed, the sole known asset of Mr. Trotter is a right to enforce the State Farm insurance contract and the person having a right to possibly recover the proceeds under the policy is plaintiff.

At all times prior to the filing of this suit against Mr. Trotter, State Farm was in possession of all relevant information pertaining to the accident, as well as plaintiff's employment and medical records. In addition, plaintiff's counsel claims to have notified State Farm that suit was filed against Mr. Trotter. As such, State Farm is in the same position that it would have been in had Mr. Trotter been alive at the time of the suit or if the administratrix had been appointed and had been made a defendant and been served when suit was brought. There is no indication that it is in a worse position to defend this suit on the merits than it would have been in if the administratrix had been made a party in the original complaint and served.

■ The purpose of compulsory automobile liability insurance is to protect the public. *Cf. State Farm Mutual Automobile Insurance Co. v. Arms.*, Del.Supr., 477 A.2d 1060, 1063 (1984); *Hamon v. Richards*, Del.Supr., 190 A.2d 612, 616 (1963); *Stokes v. Reliance Insurance Co.*, Del.Super., 521 A.2d 638, 640 (1986), *aff'd*, Del. Supr., 524 A.2d 679 (1987). Therefore, plaintiff is in the class protected by the insurance which State Farm issued here.

The intercession of an insurance carrier may affect the application of a legal principle which might otherwise control. Thus, in *Williams v. Williams*, Del.Supr., 369 A.2d 669 (1976), the doctrine of parental immunity would not prevent a child from recovering from an insurance carrier for injuries resulting from the parent's negligence even though the parent would not be liable in the absence of insurance. Applying the *Williams* approach, absent existence of assets by Mr. Trotter or the expectancy of inheritance by his heirs, plaintiff would be entitled to proceed based upon a direct relationship between plaintiff and State Farm. Hence, under the facts of this case, the plaintiff should not be prevented from recovering from an insurance company because of a principle which is designed to protect the beneficiaries of a decedent's estate where the insurance company had notice that the claim was being pursued.

■ Based on the foregoing considerations, I find that the amended complaint which substitutes the administratrix of Holland B. Trotter for Holland B. Trotter as defendant in this suit relates back to the date of filing of the original complaint.

For all of the foregoing reasons, defendant's motion for summary judgment is DENIED.