904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George T. HAYNIE, Jr., Plaintiff-Appellant,
v.
TENNESSEE STATE PENITENTIARY and HOSPITAL; James Vandever,
Assoc. Warden; Lyle Craft, Hosp. Administrator;
Joseph Stinson, M.D., Defendants-Appellees.
 No. 89-6013.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights action, filed under 42 U.S.C. Sec. 1983, in which he sought money damages. Additionally, plaintiff requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App. P. 34(a).
 
 
 2
 Plaintiff claimed that, while he was housed at the Tennessee State Penitentiary, defendants violated the Eighth and Fourteenth Amendments by providing inadequate medical care for his back injury and by placing him in a housing unit where he had to walk up stairs. The district court dismissed defendants Tennessee State Penitentiary and its hospital as not being "persons" subject to suit under Sec. 1983. The claim against Dr. Joseph Stinson was dismissed because he had died before the suit was filed, and summary judgment was granted to James Vandever and Lyle Craft because there was no evidence that they were deliberately indifferent to plaintiff's serious medical needs.
 
 
 3
 Upon review, we conclude that the district court properly disposed of the case. The state agency defendants are immune from suit for damages. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); U.S. Const.Amend.XI. The claim against the late Dr. Stinson was also properly dismissed. See Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir.1969) (per curiam). As for Messers Vandever and Craft, not only is there no evidence that they were deliberately indifferent to the plaintiff's serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), but the plaintiff failed to sue them in their individual capacities. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Wells v. Brown, 891 F.2d 591 (6th Cir.1989).
 
 
 4
 Accordingly, the request for appointment of counsel is denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.