**Nikolay DARMANCHEV, Plaintiff,**

v.

**Semen ROYTSHTEYN, Defendant.**

**No. Civ.A. 04–5749.**

United States District Court,
E.D. Pennsylvania.

July 18, 2005.

Ely Goldin, Law Offices of Ely Goldin, Jenkintown, PA, for plaintiff.

James T. Moughan, Karyn S. Dobroskey, Britt, Hankins & Moughan, Philadelphia, PA, for defendant.

### MEMORANDUM

STENGEL, District Judge.

This is a diversity action involving a motor vehicle accident which occurred on December 11, 2002. On December 10, 2004,[1] Mr. Darmanchev, a citizen of the state of Georgia, brought this Complaint against Mr. Roytshteyn, who before his unrelated death, was a resident of the Commonwealth of Pennsylvania. Counsel for the deceased filed a motion for summary judgment. For the reasons that follow, I will deny the motion in its entirety, and grant Plaintiff leave to substitute a personal representative of Mr. Roytshteyn's estate.

### I. BACKGROUND

The Complaint alleges that on the date of the accident Mr. Roytshteyn negligently operated his vehicle causing it to collide with Mr. Darmanchev's car. Mr. Darmanchev alleges debilitating and permanent bodily injuries, for which he has continued to seek medical treatment.

---

1. In Pennsylvania, a cause of action for negligence is controlled by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524(2).

Defendant's counsel contends that Plaintiff's Complaint is void for lack of jurisdiction over a deceased party, and any attempt to substitute a personal representative for the deceased at this time would be improper.

## II. *LEGAL STANDARD*

The court has subject matter jurisdiction over this case due to the diverse citizenship of the parties and the amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a)(1). Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106

S.Ct. 2548. Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505. The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Id.* at 252, 106 S.Ct. 2505. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992).

## III. *DISCUSSION*

In Pennsylvania, it is well-settled that "[a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper." *Montanya v. McGonegal,* 757 A.2d 947, 950 (Pa.Super.2000) (citing *Valentin v. Cartegena,* 375 Pa.Super. 493, 544 A.2d 1028, 1029 (1988)). If a person commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant. *Id.*

The accident in this case occurred on December 11, 2002. Mr. Roytshteyn died on January 3, 2004 of causes unrelated to the accident. The Complaint was filed ten months later. Mrs. Roytshteyn was served on January 29, 2005. Because Mr. Roytshteyn was dead before the Complaint was filed, this action would be considered a nullity in Pennsylvania state courts, and Plaintiff's only recourse would be to file a new action against the personal representative of Mr. Roytshteyn's estate.

Nevertheless, filing a new action now would be time-barred. Pennsylvania has a two year statute of limitations for negligence

causes of action. *See* 42 Pa.C.S.A. § 5524(2). Under normal circumstances, the statute of limitations would have expired on December 11, 2004. However, 20 Pa.C.S.A. § 3383 provides that "a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death." Thus, the limitations period would have been extended one year after Mr. Roytshteyn's death, or until January 3, 2005. Plaintiff would be precluded from bringing a new action naming Mr. Roytshteyn's estate as a party because the limitations period expired over six months ago.

Mr. Darmanchev argues that Rule 25 of the Federal Rules of Civil Procedure [2] preserves his case from dismissal because it permits substitution of a personal representative as a proper party of record where the motion is filed within ninety days of the suggestion of death. Mr. Darmanchev calculates that the ninety days would begin on March 15, 2005, the date of the first suggestion of death as found in Defendant's Answer. However, a careful review of Rule 25 belies Mr. Darmanchev's contention:

> (a) Death. (1) If a *party* dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25 (emphasis added). Rule 25 clearly contemplates the death of one of the parties *after* the Complaint has been filed. Mr. Roytshteyn could not be a party because he was dead before the case was brought. *See Hatcher, et al. v. Labrum,* 1986 WL 6862, 1986 U.S. Dist. LEXIS 24169 (E.D.Pa. 1986)(Rule 25 does not apply because the decedent died prior to the action being brought); *see also Davis v. Cadwell,* 94 F.R.D. 306, 307 (D.Del.1982)(the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party). Thus, Rule 25 does not provide the relief for which Mr. Darmanchev had hoped.

Finally, Mr. Darmanchev argues that Fed.R.Civ.P. 15 permits him to seek leave to amend his Complaint and to include Mr. Roytshteyn's estate as a party. I agree. Rule 15(c) resolves the issue of an amended pleading being time-barred under the State law's statute of limitations,[3] and allows an amendment to relate back to the date of the original pleading under certain circumstances:

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and Complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or

---

2. In a diversity case, a federal court must apply the substantive law of the state in which it sits, but federal procedural law. *Erie Railroad v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 416, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Ciccarelli v. Carey*

*Canadian Mines, Ltd.,* 757 F.2d 548, 552 (3d Cir.1985).

3. "Relation back" is a procedural matter, and thus governed by federal and not state practice. *Loudenslager v. Teeple,* 466 F.2d 249, 250 (3d Cir.1972).

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R.C.P. 15(c).

In *Loudenslager v. Teeple,* under a very similar fact pattern to that of this case, the Plaintiff was injured in an automobile accident, and brought a negligence action against the other driver. *Loudenslager v. Teeple,* 466 F.2d 249 (3d Cir.1972). In an answer to the Complaint, it was averred that the defendant had been dead for two years. The Plaintiff moved to amend his Complaint to substitute the personal representative of the decedent's estate, and sought to have this amendment relate back to the date of the filing of the original Complaint. The District Court for the Middle District of Pennsylvania ruled that since the suit was commenced against a decedent, the suit was a nullity and there existed no viable action which could be amended. *Id.* The court reasoned that the *Erie* doctrine required a federal court in a diversity action to look to the law of the forum to determine whether an amendment could be made. The Third Circuit Court of Appeals reversed the district court's decision, holding that whether the amendment was permissible was entirely a matter of federal practice. The court further held that the clear terms of Rule 15(c) had been complied with because the personal representative sought to be brought into the case had notice and would not be prejudiced, and because the mistake in identity was obvious and apparent. *Id.* at 250. The court allowed the amendment of the Complaint, and allowed it to relate back to the date of the original Complaint. *Id.* at 251.

■ The Supreme Court of the United States has articulated a four-part test for the application of relation back. Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that but for a mistake concerning identity, the action would have been brought against it; and (4) the second or third requirements must have been fulfilled within the prescribed limitations. *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

■ Here, the requirements of this test have been satisfied. First, the facts of an amended Complaint would have arisen out of the same car accident as in the original pleading. Second, Mrs. Roytshteyn was served within the period provided by Rule 4(m)[4] for service of the summons and Complaint. *See* Fed.R.Civ.P. 15(c)(3). Third, Mrs. Roytshteyn must have known that but for a mistake, the action would have been brought against her husband's estate. Fourth, as discussed above, these requirements were fulfilled within the prescribed limitations period. Thus, an amended Complaint including the personal representative of Mr. Roytshteyn's estate as a party would relate back to the date of the filing of the original Complaint.

The liberal tenor of Rule 15 is reinforced by the often-recognized principle that the Federal Rules of Civil Procedure are to be liberally construed so as to effectuate the underlying goal that cases be tried on the merits wherever possible. *See Long v. Lipkins,* 96 F.R.D. 234 (E.D.Pa.1983); *Ratcliffe v. Insurance Co. of North America,* 482 F.Supp. 759 (E.D.Pa.1980) (It is well-settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed.) The relation back provision of Rule 15(c) thus permits a plaintiff who named the wrong party as defendant under certain circumstances to amend his Complaint so as to name the proper party. *See Haamid v. U.S. Postal Service,* 754 F.Supp. 54, 56 (E.D.Pa.1990); *see also Daly v. U.S. Dept. of The Army,* 860 F.2d 592 (3d Cir. 1988).

---

4. Rule 4(m) provides that the service of the summons and Complaint is to be made upon a defendant within 120 days after the filing of the Complaint.

## IV. CONCLUSION

If this case had been brought in state court, it would have been considered *void ab initio*. Dismissal would have been its only option and filing a new cause of action would have been time-barred by the statute of limitations. However, because the Federal Rules of Civil Procedure provide for liberal allowance to amend pleadings, including the naming of new parties, and the relation back of amendments under certain circumstances, this case can be allowed to continue through the judicial process. I will deny Defendant's motion for summary judgment, and grant Plaintiff's motion for leave to amend his Complaint to include the personal representative of Mr. Roytshteyn's estate.

An appropriate Order follows.

### ORDER

**AND NOW** this 18th day of July, 2005, upon consideration of Defendant's motion for summary judgment (Document # 5), Plaintiff's response thereto (Document # 6), and after a hearing on the motion, IT IS HEREBY ORDERED that:

1. Defendant's motion is DENIED in its entirety.

2. Plaintiff's request for leave to substitute is GRANTED.

3. Defendant shall identify a personal representative of Mr. Roytshteyn's estate within ten (10) days.

4. Plaintiff shall file an Amended Complaint within five (5) days of the identification of the personal representative.